**ETTEN et al. v. KAUFMANN et al.**
No. 3.

District Court, W. D. Pennsylvania.
Oct. 10, 1938.

Brooks, Curtze & Silin, of Erie, Pa., for plaintiffs.

H. C. Lord, of Erie, Pa.; for defendants.

SCHOONMAKER, District Judge.

This is an equity suit under the provisions of section 4915, R.S., 35 U.S.C.A. § 63. We have considered the case before: (1) In an opinion filed April 9, 1938, on plaintiffs' motion to strike out counterclaim; and (2) In an opinion[1] filed July 13, 1938, on plaintiffs' motion to strike out defendants' interrogatories, and on defendants' motion for further and better statement, and for a bill of particulars.

The case now comes to the court again: (1) On plaintiffs' motion in relation to interrogatory 13 propounded by defendant; (2) Defendants' motion to strike out answers to defendants' interrogatories; (3) Defendants' motion for leave to file an additional interrogatory No. 19; and (4) On defendants' motion to strike out certain paragraphs of plaintiffs' reply to defendants' counterclaim.

■ First, as to Interrogatory No. 13, which asks plaintiffs to "produce drawings and describe the wringer of Etten Exhibit 18 in Interference 67,019." In answer, the plaintiffs have produced the drawing, but have enclosed it in a sealed envelope, and ask that it be not opened until consent is obtained from Walter K. Voss, because it was the subject of a joint patent-application, in which Walter K. Voss has the whole interest. We see no reason for keeping this drawing in a sealed envelope till the consent of Voss is obtained. The dates of the invention involved must have been disclosed in the testimony in the interference proceedings. An order may be submitted for the breaking of the seal so that defendants may examine this drawing.

■ Second, as to defendants' motion to strike out answers to defendants' interrogatories. Dealing first with interrogatories 3, 6, and 9, which require plaintiffs to produce blueprints or drawings of certain types of wringers and variations thereof made or sold by plaintiffs giving periods when the same were made and sold. The plaintiffs objected to the interrogatories which were ordered to be answered by plaintiffs subject to withholding the date. The plaintiffs have responded, furnishing blueprints of the wringers inquired about;

but the plaintiffs have not responded to that part of these interrogatories which request drawings of variations of that type of wringer made or sold by plaintiffs.

On September 26, 1938, the date of argument on defendants' motion, plaintiffs filed Exhibits 1, 2, 3, 4, 5, 6, and 7, which show variations of the wringers referred to in these interrogatories. We are of the opinion that these interrogatories have now been fully answered, and that no further order of the court is required with reference thereto.

■ As to Interrogatory 14, the defendants asked: "Was the wringer of Exhibit 18 the structure described and claimed in a joint application of plaintiff Nicholas L. Etten and Walter K. Voss." To this the plaintiffs answered that they did not have a copy of the specifications and drawings of the joint application and could not tell whether the wringer Exhibit 18 was the exact structure disclosed in the application. We were informed at the argument of this motion that a patent will issue on this application on October 11, 1938. This would seem to make it unnecessary to consider further this interrogatory, for when the patent issues on October 11, 1938, the specifications and drawings will be open to examination by defendants.

■ As to Interrogatory 16, which inquires: "What are and have been the contract relations between the plaintiff Nicholas L. Etten and the plaintiff the Chamberlain Corporation since the connection of Nicholas L. Etten therewith."

To this plaintiffs reply that the relations between the plaintiffs were those of employer and employee, except as shown in written contract produced in answer to Interrogatory 17. The mere statement that a relation of employer and employee existed between the plaintiffs is not a sufficient answer to the question. Surely there must have been some employment arrangement, oral or written.

The plaintiffs will be required to answer this interrogatory further, giving full details of any arrangements under which Etten was working, and what work he was doing. This further answer will be submitted within ten days from the date of the order herein.

■ As to Interrogatory 18, the photograph produced would not be a sufficient

---

[1] Not for publication.

answer to the interrogatory, but in their answer to defendants' motion, plaintiffs offered to permit defendants to inspect the device photograhed at the office of their counsel, Brooks, Curtze & Silin. That would give defendants all the information they are entitled to, and no further order will be made as to Interrogatory 18.

As to defendants' motion to dismiss the bill for failure to answer interrogatories, we are of the opinion that the case does not require enforcement of Equity Rule 58, 28 U.S.C.A. following section 723, but rather more complete answers in the respects here indicated. The motion to dismiss will be denied.

Third, as to defendants' motion for leave to file an additional interrogatory No. 19, as follows: "19. Was the application of Nicholas L. Etten and Walter K. Voss having relation to Exhibit 19, Serial Number 604,178, filed April 9, 1932?" This interrogatory will be allowed and will be answered within ten days from the date of the order herein.

Fourth, as to defendants' motion to strike out certain paragraphs of plaintiffs' reply to defendants' counterclaim. Defendants first ask that paragraph 16 of the counterclaim be stricken out for failure to furnish a bill of particulars, as required.

Paragraph 16 alleged that the claims of the patent in suit were so limited in the Patent Office that defendants cannot ask an interpretation which will bring the devices complained of within the scope thereof. In answer, the plaintiffs have furnished a list of the patents and the respective claims thereof which plaintiffs allege were limited, as averred in said paragraph. We are of the opinion that plaintiffs have thus sufficiently complied with the order for a bill of particulars in respect to paragraph 16. To go further would require a discussion of the prior art and the expression of opinions as to the claims set forth in the bill of particulars and the accused structures. That certainly is not the office of a bill of particulars.

Dealing next with clause (2) of defendants' motion to strike out of the last paragraph of Clause 18 of plaintiffs' reply to the counterclaim, the reference to Woodrow Washing Machine, for the alleged reason of non-compliance of the court's order for bill of particulars. We are of the opinion that the bill furnished along with the further information in plaintiffs' answer to defendants' motion to strike, which answer was filed on the return day of the rule, September 26, 1938, furnishes all the necessary information to which defendants are entitled, and no further bill of particulars need be furnished.

As to the third paragraph of defendants' motion to strike out clause 20 of plaintiffs' reply to the counterclaim, we are of the opinion that plaintiffs have furnished a proper bill of particulars with reference to the claimed rights of the Chamberlain Corporation under the Webster Patent; and this motion will be denied. We are of the opinion that we should not now pass upon the legal effect to be given to these statements, and will withhold passing any opinion thereon till the case is tried.

An order in accordance with this opinion may be submitted.